The Honorable Mike Kinard State Senator P.O. Box 727 Magnolia, Arkansas 71753
Dear Senator Kinard:
This is in response to your request for an opinion on several questions concerning Act 631 of 1989, now codified at A.C.A.5-64-709 (Supp. 1989). Specifically, you have posed four questions which are as follows:
 1. Does the Act apply to felony or misdemeanor cases in Circuit Courts?
 2. Does the Act provide for the Clerk of Circuit Court to collect and pay over to the Department of Finance and Administration of the State of Arkansas additional Court costs in cases where any person pleads guilty or nolo contendere or is found guilty under A.C.A. 5-64-401 (c)?
 3. Does Act 631 require the Clerk of Circuit Court to report any information to the Arkansas Crime Information Center?
 4. If the answer to questions 1 and 2 are affirmative, is the Department of Finance and Administration required to send $25.00 per case back to the County Treasurer? If so, is there any prerequisite action placed upon the Circuit Court Clerk to obtain payment?
Act 631 of 1989 provides for an additional court cost of $50.00 for any defendant pleading guilty, nolo contendere, or who is found guilty of possessing a controlled or counterfeit substance under A.C.A. 5-64-401 (c). It then provides for the remittance of the costs collected by the court clerk to the Department of Finance and Administration ("DFA"). The act then provides in certain instances for $25.00 per case to be distributed to either the municipal or county treasury depending upon whether the case is a municipal or county case. See A.C.A. 5-64-709 (c)(1)(A) and (B). In either case, however, the money is not eligible to be distributed unless the plea or finding is reported by the municipal court to the Arkansas Crime Information Center ("ACIC") within 60 days. Remaining funds under the act are transferred to the Crime Information System Fund, A.C.A. 5-64-709 (c)(2).
In response to your first question, please note that I have enclosed a copy of Opinion No. 89-233, which squarely addresses the question of whether Act 631 applies to circuit court cases. It was concluded therein that it does.
In response to your second question, (whether Act 631 provides for the circuit court clerk to collect and pay over to DFA the court cost levied by the act), it is my opinion that, yes, this is the logical conclusion resulting from the affirmative answer to question 1 above. This question is also answered in the affirmative in Opinion No. 89-233.
In response to your third question, (whether the act requires the circuit clerk to report any information to the Arkansas Crime Information Center), it is my opinion that is does not. There is no mechanism in the act for the circuit court to report any information to the ACIC; the act only contemplates the reporting of information by the municipal courts to the ACIC. See A.C.A. 5-64-709 (c)(1)(A) and (B).
In response to your fourth question, we assume that you are inquiring whether, in those cases in which the circuit court does collect and remit the funds, DFA is required to remit $25.00 back to the county. It is my opinion that the answer to this question is "no". The act simply does not provide for turnaround of the fees collected in circuit court cases. A prerequisite to either the city or county receiving turnaround funds under the act is the requirement that the plea or finding of guilt be reported to the ACIC by the municipal court. The funds collected in municipal court may go either to the city of county, depending upon whether the case is one on the city or county docket in municipal court. See generally A.C.A. 16-10-206 (f). But both 5-64-709
(c)(1)(A) and (B) apply, in my opinion, to municipal court cases. Funds collected and remitted to DFA by circuit courts will be classified as "remaining funds" under 5-64-709
(c)(2) of the act, and will be transferred to the Crime Information System Fund. See also, Opinion No. 89-233, at 2, para. 2.
The above conclusions are compelled by the plain language of Act 631 of 1989. This is, in my opinion, the proper procedure for implementing this act until such time as it is amended or interpreted otherwise by a court of competent jurisdiction.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
RON FIELDS Attorney General
RF:arb